UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JASON GRANT,

                      Plaintiff,

v.                                                         Case No. 18-cv-379-pp

ROBERT DE YOUNG, CARA A. SCHMIDT,
JOHN DOE and JANE DOE,

                      Defendants.

---

**ORDER GRANTING THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2), DENYING WITHOUT PREJUDICE HIS MOTION TO APPOINT COUNSEL (DKT. NO. 8), SCREENING THE COMPLAINT (DKT. NO. 1) AND DISMISSING THE CASE**

---

       The plaintiff is a state prisoner who is representing himself. He filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights by failing to deal adequately with his mental health conditions. Dkt. No. 1. This decision resolves the plaintiff's motion for leave to proceed without prepayment of the filing fee, dkt. no. 2, and his motion to appoint counsel, dkt. no. 8, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepayment of the Filing Fee (Dkt. No. 2)**

       The Prison Litigation Reform Act applies to this case because the plaintiff was in custody when he filed his complaint. 28 U.S.C. §1915. The law allows a court to give an incarcerated plaintiff the ability to proceed with his case without prepaying the case filing fee, if he meets certain conditions. One of

those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b).

The court ordered the plaintiff to pay an initial partial filing fee of $6.19. Dkt. No. 6. The court received that fee on March 29, 2018. The court will grant the plaintiff's motion to proceed without prepayment of the filing fee, and will allow the plaintiff to pay the remainder of the filing fee over time in the manner explained at the end of this decision.

## II. Screening the Plaintiff's Amended Complaint

### A. Federal Screening Standard

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from the relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim under 42 U.S.C. §1983, a plaintiff must allege that 1) someone deprived him of a right secured by the Constitution or laws of the

United States; and 2) that person was acting under color of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B.     The Plaintiff's Allegations

The plaintiff alleges—and the Wisconsin Department of Corrections (DOC) Inmate Locator Service (https://appsdoc.wi.gov) confirms—that he entered the Wisconsin prison system in 2011. Dkt. No. 1 at 3. The plaintiff says that he has an extensive history of mental illness and disorder, and claims that the DOC knew this. Id. Before going to prison, a court had ordered the plaintiff to undergo mental health treatment. Id. On November 3, 2011 (while the plaintiff was at Dodge Correctional Institution, https://appsdoc.wi.gov), defendant Cara A. Schmidt conducted a mental health screening for the plaintiff. Id. The plaintiff alleges that Schmidt did not adequately screen him during the intake process. Id.

The DOC released the plaintiff (from Oakhill Correctional Institution, https://appsdoc.wi.gov) three years later, in November 2014. Id. The plaintiff says that the DOC failed to treat "a serious need and disease . . . ." Id. He alleges that this failure led to his arrest seven days after his release, followed by criminal charges. Id. at 3-4. The plaintiff says that defendant Jane Doe

social worker at Oakhill failed to detect that the DOC was releasing "an inmate with a known mental disease in the community to shift [sic] for himself, without medication, treatment, [or] the mean[s] to acquire medication." Id. at 4. The plaintiff alleges that this same Jane Doe defendant failed to notify Supervision Authority about his extensive mental health history. Id.

The plaintiff says that on April 19, 2017, he "was deemed not guilty by reason of mental disease." Id. The Wisconsin Circuit Court Access Program shows that on November 19, 2014—about a week after the DOC released him from Oakhill—the State filed a complaint against the defendant in Walworth County Circuit Court, alleging first-degree intentional homicide, strangulation and suffocation and false imprisonment. State v. Jason L. Grant, Case No. 2014CF000471, Walworth County Circuit Court, available at https://wcca.wicourts.gov. That docket shows that on November 18, 2017, the plaintiff entered a plea of not guilty because of mental disease or defect, and that on May 5, 2017, the judge ordered the plaintiff committed to the Department of Health Services for sixty years. Id.

The plaintiff asserts that the DOC released him into the community without treating his "multi-faceted psychosis," which he characterizes as a "serious disease and need." Dkt. No. 1 at 4. He says that the NGI verdict in Case No. 2014CF000471 shows that he had a serious mental illness. Id. He alleges that the fact that the DOC released him without adequate mental health treatment led to his five-and-a-half-year revocation sentence and his sixty-year mental health commitment. Id. Finally, he alleges that the Warden at Dodge

4

failed to implement an adequate mental health screening process. Id. The plaintiff asks the court to award him money for "the physical, mental, and emotionally [sic] suffering, from the incarceration." Id. at 5.

C. The Court's Analysis

The plaintiff has named four defendants: the warden of Dodge (whom he identifies as "John Doe"), Robert DeYoung, Cara A. Schmidt and "Jane Doe/Social Worker." Id. at 1. The court assumes, given the facts he has alleged, that the plaintiff is trying to sue the person who was the warden of Dodge in 2011, the year defendant Schmidt screened him at intake into Dodge. The plaintiff describes Robert De Young as a "psych supervisor" at Dodge; the court suspects that he is referring to Dr. Robert De Young, a psychologist with the DOC. See, *e.g.*, Kaufman v. Hamblin, Case No. 12-cv-87-bbc, 2012 WL 2571245 at *1 (W.D. Wis. July 2, 2012). The plaintiff has explained that defendant Schmidt conducted his mental health intake screening at Dodge in November 2011. And he has explained that Jane Doe/Social Worker was the person who allowed him to be released from Oakhill in 2014, knowing that he was mentally ill.

The Eighth Amendment to the Constitution prohibits the state from subjecting prisoners to cruel and unusual punishment. The Supreme Court has held that the amendment protects inmates from more than "physically barbarous punishments." Estelle v. Gamble, 429 U.S. 97, 102 (1976) (citations omitted). The Court has stated that punishments that are "incompatible with 'the evolving standards of decency that mark the progress of a maturing

5

society'" also violate the Eighth Amendment. Id. (quoting Trop v. Dulles, 356 U.S. 86, 101 (1958)). This means that the government has an "obligation to provide medical care for those whom it is punishing by incarceration." Id. at 103. When a prison official shows "deliberate indifference to serious medical needs of prisoners," that official violations the Eighth Amendment. Id. at 104.

"A claim of deliberate indifference to a serious medical need contains both an objective and a subjective component." Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005) (citing Estelle, 429 U.S. at 104). First, a prisoner must show "that his medical condition is 'objectively, sufficiently serious.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). Second, the plaintiff must show that the prison officials "acted with a '"sufficiently culpable state of mind."'" Id. "The officials must know of and disregard an excessive risk to inmate health; indeed they must 'both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists' and 'must also draw the inference.'" Id. (quoting Farmer, 511 U.S. at 837).

The plaintiff says that he suffers from a grave mental illness, or illnesses, and has for a long time. The Walworth County judge found the defendant not guilty of extremely serious charges because of his mental illness, so this court has no reason to disagree that the plaintiff has satisfied the first, objective prong of the deliberate indifference test. He has alleged that he had a serious medical need.

The plaintiff has not stated sufficient facts to satisfy the second, subjective prong of the deliberate indifference test. The plaintiff alleges that the

warden of Dodge in 2011 did not "implement an adequate mental health screening process." Dkt. No. 1 at 4. He does not explain why his mental health screening was inadequate. He does not explain how a mental health screening in November 2011 could have predicted that there was a serious risk of harm to *the plaintiff*, or that he would commit a homicide in 2014, or how the warden could have known that whatever screening process was in place would not predict that outcome. Similarly, the plaintiff does not explain why defendant Schmidt's screening was not adequate, or how she could have known from a mental health screen that the plaintiff posed a serious risk of killing someone four years into the future. The plaintiff makes no allegations against defendant De Young. That he mentions De Young, however, implies that the plaintiff received mental health treatment while he was at Dodge; if so, he cannot establish that De Young knew that there was a risk that the plaintiff would commit a homicide after his release, or that De Young deliberately disregarded that risk. The same is true for Jane Doe/Social Worker. The plaintiff has not alleged that the social worker knew that there was a risk that he would commit a homicide, or that she disregarded it.

      The Constitution requires prison officials to take care of the plaintiff's health needs. It does not require them to cure the plaintiff of any mental illness. It does not require them to prevent the plaintiff from harming after he has been released from their care. The plaintiff has not stated a deliberate indifference claim against these defendants, and the court will dismiss his case.

**III.    The Plaintiff's Motion to Appoint Counsel (Dkt. No. 8)**

The plaintiff has asked the court to appoint a lawyer to represent him. Dkt. No. 8. Because the court is dismissing the plaintiff's case, the court will deny this motion as moot.

**IV.    Conclusion**

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **DENIES** the plaintiff's motion for counsel. Dkt. No. 8.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim for which the court can grant relief. The court will enter judgment accordingly.

The Clerk of Court will document that the plaintiff has incurred a "strike" under 28 U.S.C. § 1915(g).

The court **ORDERS** that the agency having custody of the plaintiff must collect from his institution trust account the $343.81 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

In some cases, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to review closely all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 26th day of July, 2018

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**