UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JASON GRANT,

                Plaintiff,

v.                                            Case No. 18-cv-379-pp
                                               Appeal No. 18-2680

JON LITSCHER, *et al.*,

                Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 12) AND GRANTING MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 18)**

The plaintiff, a state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. Dkt. No. 1. On July 26, 2018, the court screened the complaint and dismissed the case based on the plaintiff's failure to state a claim. Dkt. No. 10. On August 6, 2018, the plaintiff filed a motion for reconsideration and a notice of appeal. Dkt. Nos. 12, 13. The plaintiff also has asked the court to allow him to proceed with his appeal without prepaying the filing fee. Dkt. No. 18. The court will deny the plaintiff's motion for reconsideration and will grant the plaintiff's motion to proceed on appeal without prepaying the filing fee. The court is aware that the plaintiff has filed a motion asking for appointment of a lawyer; the court of appeals will decide that motion.

1

**I.     Motion for Reconsideration**

A federal court may alter or amend a judgment under Fed. R. Civ. P. 59(e) when there is newly discovered evidence or where there has been a manifest error of law or fact. Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006) (citing Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). Rule 59(e) requires that the movant "clearly establish" either newly discovered evidence or a manifest error of law or fact. Id. (citing Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)).

The court may vacate a judgment under Rule 60(b) for several reasons, including mistake, excusable neglect, newly discovered evidence and fraud. "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." Harrington, 433 F.3d at 546 (quoting Karraker v. Rent-A-Center, Inc., 411 F.3d 831, 837 (7th Cir. 2005)).

Whether a court should analyze a motion to reconsider under Rule 59(e) or 60(b) depends on the substance of the motion, not on the timing or label affixed to it. Obriecht v. Raemisch, 517 F.3d 489, 493 (7th Cir. 2008) (citing Borrero v. City of Chi., 456 F.3d 698, 701-02 (7th Cir. 2006)).

The plaintiff asserts that the court made a legal error, and made an error of fact in concluding that he received treatment while incarcerated. These arguments are covered by Rule 59(e). See Obriecht, 517 F.3d at 494.

The court may grant a motion to amend a judgment if there is newly discovered evidence, or an intervening change in the law, or if the judgment reflects a manifest error of the law. Cosgrove v. Bartolotta, 150 F.3d 729, 732

(7th Cir. 1998). A "manifest error" is a "wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). Rule 59(e) motions are not vehicles to introduce new evidence or advance arguments that could or should have been presented to the district court prior to judgment. Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996); Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987).

The complaint alleged that the defendants did not properly screen the plaintiff for mental health issues during intake and did not give him a pre-release mental health plan before he was released from custody. He asserted that these and other failures constituted deliberate indifference to his serious medical needs. He also alleged that because he was released from prison without having his mental health needs met, he ended up being committed to the Department of Health Services after committing a serious crime.

The court dismissed the plaintiff's complaint because he appeared to be trying to sue the defendants for failing to cure his mental illness. He asserted that if the defendants had properly screened him at intake, and given him a pre-release mental health plan, he would not have committed the offense which resulted in his being committed to the Department of Health Services. But the Eighth Amendment does not require prison staff to cure a plaintiff's serious medical needs. It requires only that the prison staff not deliberately refuse to treat the inmate's needs while he is in custody.

The plaintiff argues that he was not required to plead every element of his claim, and that the court's decision dismissing his complaint wrongly required him to do so. He notes, for example, that his complaint did not make any factual allegations regarding defendant DeYoung. Dkt. No. 12 at 3. The plaintiff concedes that his complaint did not make allegations against DeYoung, but says it was because he "figur[ed] the court would see the correlation between DeYoung" and the defendant whom he claims failed to adequately screen him at intake. Id. The court agrees that the plaintiff was not required to plead every element of his claim. But he must make *some* allegation against each defendant he names, showing that that defendant knew of his serious medical need and was deliberately indifferent to it. The complaint did not contain such allegations.

The plaintiff has not presented the court with any newly discovered evidence. Nor has he demonstrated that the court committed a manifest error of law or fact. The court will deny the plaintiff's Rule 59(e) motion to alter or amend the judgment.

**II.      Motion for Leave to Appeal Without Prepaying the Filing Fee**

There are three grounds for denying a prisoner appellant's request to proceed without prepaying the filing fee: the prisoner has not established indigence, the appeal is in bad faith or the prisoner has three strikes. See 28 U.S.C. §§ 1915(a)(2)-(3), (g). The court finds that the plaintiff has established that he is indigent, and the plaintiff has not accrued three strikes. That leaves only the question of whether the plaintiff filed this appeal in good faith.

4

A district court should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also Coppedge v. United States, 369 U.S. 438, 445 (1962). On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim, that is, a claim that no reasonable person could suppose has any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

This court does not find any indication that the plaintiff's appeal is not taken in good faith; therefore, the court will grant the plaintiff's motion to appeal without prepaying the filing fee.

Under the Prison Litigation Reform Act (PLRA), a prisoner plaintiff must pay the entire filing fee for an appeal. 28 U.S.C. § 1915(b). If the plaintiff does not have the money to pre-pay the $505 filing fee and the court allows the plaintiff to proceed without prepaying the fee, the court must assess an initial partial filing under the formula in the PLRA (*i.e.*, twenty percent of the average monthly deposits to the plaintiff's prison account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the notice of appeal, whichever is greater). 28 U.S.C. §1915(b)(1).

After the plaintiff pays the initial partial fee, the plaintiff must make monthly payments of twenty percent of the preceding month's income until the

filing fee is paid in full. 28 U.S.C. §1915(b)(2). The agency that has custody of the plaintiff will collect the money and send payments to the court.

Based on the information the plaintiff provided to the court, the court will require the plaintiff to pay an initial partial filing fee of $6.83, as well as additional payments required by 28 U.S.C. §1915(b)(2). Newlin v. Helman, 123 F.3d 429, 434 (7th Cir. 1997), rev'd on other grounds by, Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000) and Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000).

### III. Conclusion

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 12.

The court **GRANTS** the plaintiff's motion for leave to appeal without prepaying the filing fee. Dkt. No. 17.

The court **ORDERS** that by the end of the day on **June 21, 2019**, the plaintiff shall forward to the clerk of court **$6.83** as the initial partial filing fee for his appeal. If the plaintiff fails to comply with this order, the court of appeals may dismiss his appeal. The plaintiff must clearly identify the payment by the case name and number for the appeal (Grant v. Doe, *et al.*, Appeal No. 18-2680).

The court **ORDERS** that, after the plaintiff pays the initial partial filing fee, the agency that has custody of the plaintiff shall collect from his prison trust account the balance of the filing fee ($498.17) by collecting monthly payments from his prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the

6

account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution—county, state or federal—the transferring institution shall forward a copy of this order along with the plaintiff's remaining balance to the receiving institution.

The court will send copies of this order to the officer in charge of the agency where the inmate is confined and to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, 219 S. Dearborn Street, Rm. 2722, Chicago, Illinois 60604.

Dated in Milwaukee, Wisconsin, this 15th day of May, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**